*69 OPINION.
Trammell:
As the concluding paragraph of their stipulation, which has been incorporated in our findings of fact in substantially the same form and following the paragraph numbers as submitted, the parties have stipulated the issue in these proceedings to be as follows:
The parties are in disagreement as to whether the total amount of capital stock and surplus as shown by paragraph 27 should be reduced by the total amount of the so-called “ reserve for uncollected profits,” or “ reserve for unrealized profits,” as set forth in paragraph 28, above. The respondent contends that such capital stock and surplus should be reduced by the full amount of the “ unrealized profits ” shown in paragraph 28. On the other hand, the petitioner contends that no portion of such reserve should be eliminated from surplus, and, particularly, that there should not be eliminated that portion thereof representing the uncollected profits on sales made prior to January 1, 1918, and reported in income in full during the years 1913 to 1917, inclusive, on the accrual basis, the total amounts of which are shown in paragraph 29, above. The issue thus raised is therefore presented to this Board for decision.
The foregoing presents two questions for our determination. The first is whether the petitioner may include in its invested capital as of January 1, 1919, January 1, 1920, and January 1, 1921, the uncollected profits contained in its accounts receivable outstanding on these dates and arising from sales of merchandise on the installment plan made prior to such dates. The second question is, if the entire amount of such uncollected profits may not be included in invested capital whether the portions of such profits resulting from the in *70 stallment sales made prior to January 1, 1918, and which were reported in income on the accrual basis from 1913 through 1917 may be so included.
The second question above is identical with one considered by us in Blum's, Inc., 7 B. T. A. 737. There we said:
In computing invested capital in the deficiency notice, the Commissioner included, as a part of the earned surplus, the entire profits of installment sales effected in 1917. In the amended answer, the Commissioner eliminated from invested capital of 1918, 1919, and 1920, the profits included in the outstanding 1917 installment accounts receivable, at the beginning of each of those years, as unrealized and not properly includable in earned surplus. The petitioner opposes this action of the Commissioner on the ground that the entire profits on installment sales of 1917 were returned and taxed as income of that year. We think that the action of the Commissioner, as set forth in the amended answer, is correct. For the years in question, the installment sales method has been used in computing income. By the use of that method all of the profits actually reduced to possession in those years, are to be returned as income of those years. The fact that some of these profits have been returned in prior years is to be ignored, and they are, for the purposes of the tax, to be treated as a part of the earnings of the years in which they are reduced in possession. Obviously, the petitioner may not include in invested capital of any taxable year, as earned surplus, the earnings of that year and subsequent years.
What we said there as to profits returned in prior years being taxable in the years in which reduced to possession has since been changed and such profits relieved of tax by section 705 of the Revenue Act of 1928. Grand Rapids Show Case Co., 12 B. T. A. 1024. The fact that section 705 relieves these earnings from tax after they are collected does not change the fact that they are earnings of the year in which they are collected, nor does it make earned surplus of profits not yet reduced to possession and which but for this section would be returned and taxed as income for the year in which they are actually reduced to possession.
The question of the determination of invested capital of a taxpayer who had changed its method of reporting income from the accrual basis to that of installment sales was again before us in New England Furniture & Carpet Co., 9 B. T. A. 334, and in J. B. Bradford Piano Co., 15 B. T. A. 1045. In both cases we followed our decision in the Blum case. In Bradford Piano Co. we said:
* * * The petitioner, however, has chosen to take advantage of the postponement of the payment of income taxes until the installment payments upon its sales have been actually collected. It thus procures the advantage of postponing taxes until cash collections have been made and, having secured such advantage, it should not complain if the accounting system results in some counter disadvantages.
* * * * * * *
Both the taxing statutes and the department regulations respecting taxpayers reporting on the installment sales basis are silent on the subject of invested capital. In Blums, Inc., 7 B. T. A. 737, the Board has established the rule that *71 unrealized and untaxed gains represented by accounts receivable may not be included in surplus by a taxpayer reporting on tbe installment sales basis. A lite course of reasoning brings us to tbe conclusion that adjustments of surplus for invested capital purposes may be properly made in accordance with tbe accounting methods made necessary by tbe taxpayer reporting upon an installment sales basis.
We perceive nothing in the petitioner’s case to warrant us in applying to it a different rule to what we have heretofore applied in other cases. Accordingly, we do not think that the petitioner is entitled to include in its invested capital as of the beginning of any of the taxable years here involved any portion of the uncollected profits contained in its accounts receivable outstanding at the beginning of the respective years and arising from installment sales made prior to January 1, 1918. Nor do we think that the petitioner is entitled to include in its invested capital as of January 1,1919, January 1, 1920, and January 1, 1921, the uncollected profits contained in its accounts receivable outstanding on the respective dates and arising from sales on the installment plan made prior to such dates but subsequent to December 31,1917.

Judgment will be entered under Bule 60.